******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

D'AURIA, J., with whom KAHN, J., joins, concurring. I concur in the result. I write separately to emphasize two points: one legal and one factual. Both points concern how our law requires that we review a trial court record in a civil case tried to a jury.

First, I agree with the majority that the concept of the plaintiff, Elizabeth Burke, as a trespasser had no place in the trial court's jury charge whatsoever. Clearly, the court improperly included it in its charge on the defendant's special defense of justification, which was limited to the defense of premises. The plaintiff argues that this erroneous charge—permitting the jury to consider the plaintiff a trespasser—tainted the jury's consideration of the defendant's special defense of defense of others. It's possible.

However, our law imposes on a plaintiff seeking to overturn a judgment after an adverse jury verdict the substantial burden of demonstrating that an erroneous charge on one count or defense tainted the jury's consideration of the remaining counts or defenses. "When two or more separate and distinct defenses . . . are present in a case, an error in the charge as to one *normally* cannot upset" the jury's verdict if it was "properly charged as to the remaining defenses." (Emphasis added.) *Dinda* v. *Sirois*, 166 Conn. 68, 75, 347 A.2d 75 (1974). Under this standard, I am compelled to conclude, as does the majority, that the plaintiff has not sustained her burden of demonstrating that a new trial is necessary on the ground that the trial court's defense of premises charge (which contained the trespasser instruction) tainted the jury's consideration of the defense of others charge (which did not).

This standard for determining whether a new trial is necessary at all appears to me somewhat similar to the standard that applies when determining whether to limit the issues to be retried if a new trial is ordered due to instructional error concerning a single issue in the case. But it's not entirely clear to me.

We have said that when an instructional error has occurred as to one issue, requiring a new trial, we will order a new trial as to other issues as well "where the retrial of the single issue may affect the other issues to the prejudice of either party . . . ." (Internal quotation marks omitted.) *Wendland* v. *Ridgefield Construction Services, Inc.*, 190 Conn. 791, 796, 462 A.2d 1043 (1983). In particular, in civil cases in which the reviewing court has determined that an instructional error occurred regarding liability, a new trial as to both liability and damages has been ordered when "liability is inextricably intertwined with the issue of damages." *SKW Real Estate Ltd. Partnership* v. *Gallicchio*, 49

Conn. App. 563, 581 n.15, 716 A.2d 903, cert. denied, 247 Conn. 926, 719 A.2d 1169 (1998); accord *Scanlon* v. *Connecticut Light & Power Co.*, 258 Conn. 436, 451, 782 A.2d 87 (2001); *Murray* v. *Krenz*, 94 Conn. 503, 508, 109 A. 859 (1920); see also *Kelly Energy Systems, Inc.* v. *Commercial Industries Corp.*, 13 Conn. App. 236, 237, 535 A.2d 834 (1988) (in case in which trial court employed erroneous measure of damages, "since . . . the issue of liability is so inextricably intertwined with the issue of damages, a new trial on both is required in the interest of justice"). It is not clear to me if these articulations are the same as the rule described in *Dinda*. But that is essentially the plaintiff's argument in the present case: that the defense of premises and defense of others are inextricably intertwined defenses, and error as to one instruction tainted the jury's consideration of the other, to the plaintiff's prejudice.

Regardless of whether these are different ways of saying the same thing, I accept that the party seeking a new trial on all issues bears the burden of meeting the established standard; see *Scanlon* v. *Connecticut Light & Power Co.*, supra, 258 Conn. 452 (holding that defendant failed to satisfy its burden of establishing that issues were interwoven); and the plaintiff has not asked us to modify or overrule case law governing when an erroneous charge on one defense can be deemed to taint another appropriate charge on a separate defense. Nor does she explain why the rule that "normally" applies under *Dinda*, should not apply in this case. Thus, I concur in the legal reasoning of the majority.

Second, as the majority indicates, because the parties' accounts of the incident in question differed dramatically, and because we must review the sufficiency of the evidence "in the light most favorable to sustaining the verdict"; (internal quotation marks omitted) *Carrol* v. *Allstate Ins. Co.*, 262 Conn. 433, 442, 815 A.2d 119 (2003); we cannot assume that the jury found the facts to be as the plaintiff has described them. Specifically, even though the jury found that the defendant committed an intentional assault and battery upon the plaintiff, substantially causing or aggravating her injuries and damages, we cannot assume that the jury credited the plaintiff's testimony that the defendant "threw [her] to the ground forcefully multiple times, jerking her up by her right arm each time that she struck the ground."

Rather, because the jury returned a verdict for the defendant, our law requires that we presume that the jury found the facts to be closer to how the defendant described them: that he only grabbed the plaintiff by the arm and forcibly escorted her out of the house and down the driveway, preventing her from returning to the house. This is true notwithstanding that the jury's verdict for the defendant was in part based on a special defense (defense of premises) as to which the court's instruction was improper. The jury also found that

under the defense of others doctrine—which was properly charged—the force that the defendant used upon the plaintiff was justified.

If our required review of the factual record and the jury's verdict led us to conclude that the jury had found that the defendant's assault constituted more than just grabbing the plaintiff's arm and leading her away from the house, or perhaps if this assault had occurred farther from the house than some of the testimony indicated, I would have a much harder time concluding that there was no taint from the improper trespass charge. That is to say, if the defendant had in fact thrown the plaintiff to the ground while they were down the driveway and close to the street, as opposed to having led her away by the arm while she was in the house and near the defendant's guests, I would not believe that the jury reasonably could have found that the defendant was justified in using this level of violence so far from any potential victims. Under those circumstances, I would conclude that the instruction concerning the plaintiff as a trespasser could very well have tainted the jury's consideration of the defense of others special defense. I do not believe that the possibility of the plaintiff's breaking away from the defendant, running back up the driveway in the snow and accosting members of the Questers, a historical preservation organization, while they stood at a window watching—neither fleeing, hiding nor calling the police—was sufficiently plausible to have justified the defendant's "[need] to use . . . physical force . . . in order to repel the victim's alleged attack." (Internal quotation marks omitted.) *State* v. *O'Bryan*, 318 Conn. 621, 632, 123 A.3d 398 (2015). Because we are not required to presume that the jury credited the entirety of the plaintiff's testimony to sustain the verdict; e.g., *State* v. *Sinclair*, 332 Conn. 204, 241, 210 A.3d 509 (2019) (jury is free to credit all, some or none of witness' testimony); and because the plaintiff does not claim that there was insufficient evidence to establish the reasonableness of the level of force used by the defendant, I concur in the result the majority reaches.

———————————————